IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20072
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLYNN MICHAEL KIRKLAND,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CR-256-1
--------------------

December 9, 1999

Before POLITZ, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Glynn Michael Kirkland appeals his conviction following a jury trial on two counts of possession of a firearm by a convicted felon arising out of the purchase of a shotgun while he was employed as a sales manager at a used car dealership. Kirkland concedes that his counsel failed to renew his motion for judgment of acquittal, and thus, our review is limited to determining whether there was a manifest miscarriage of justice. See United States v. Galvan, 949 F.2d 777, 783 (5th Cir. 1991). Such a miscarriage occurs only when the record is devoid of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence to support the verdict or when the evidence is so tenuous with respect to a key element of the offense that a conviction would be shocking. See id.

With respect to the first count, the evidence was uncontradicted that Kirkland decided to purchase the shotgun, provided the funds for it, transported it in his vehicle, and had access to it. Viewing the evidence in the light most favorable to the Government, see id. at 782-83, we cannot say that the record is devoid of evidence of Kirkland's intent or that the evidence of guilt was so tenuous as to render a guilty verdict shocking.

We also reject Kirkland's contention that the variance between the date alleged in the indictment and the evidence adduced at trial is fatal to his conviction. The time an offense is committed is not an essential element of the offense, and the Government need not prove the exact date. See United States v. Bowman, 783 F.2d 1192, 1197 (5th Cir. 1986). The record is not devoid of evidence that the offense occurred in October as alleged in the indictment. Further, a four or five month discrepancy is not unreasonable. See id. Any confusion regarding the precise date does not alter the fact that both the Donaldsons testified that Kirkland retrieved the shotgun and Mrs. Donaldson saw him drive away with it in his car.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.